[8 NYS3d 583]

In the Matter of PAUL D. KRAFT (Admitted as PAUL DAVID KRAFT), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 20, 2015

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated May 5, 2014, containing one charge of professional misconduct. The charge alleges that the respondent was convicted of a serious crime, as follows:

On March 24, 2013, in the Criminal Court of the City of New York, the respondent pleaded guilty to five counts of forcible touching, in violation of Penal Law § 130.52, a class A misdemeanor. On May 1, 2013, the respondent was sentenced to a period of three years of probation and directed to complete an 18-month sexual behavior program. By reason of the foregoing, the respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b) ("A lawyer . . . shall not . . . engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer").

Following a prehearing conference on July 31, 2014, and a hearing on September 29, 2014, the Special Referee sustained the charge. The Grievance Committee now moves to confirm

the report of the Special Referee. The respondent has neither opposed the motion nor otherwise responded.

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note, as the Special Referee did, that the respondent "apologize[d] for taking up everybody's time and resources." Further, the respondent testified that in the 2½ years since the acts that gave rise to his conviction—which acts all occurred within a short period of time—he has thought "a great deal" about what he did, has taken responsibility for his actions, and is "truly very sorry for the harm [that he] inflicted." Significantly, the Special Referee reported that the respondent is 33 years old; that this was his first and only conviction; that the conviction—which was a misdemeanor—resulted in neither incarceration nor sex offender registration; and that the subject conduct involved neither clients nor coworkers. Moreover, the Special Referee noted the respondent's testimony that he began receiving treatment for his "impulsive issues" before his sentencing, and that he has had no behavioral issues since the underlying issues occurred. The respondent's participation in outpatient sexual behavior rehabilitation was documented and, at the time of the hearing, he was expected to begin "relapse prevention supportive therapy."

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year, with credit for the time served under the period of interim suspension, such that he may apply for reinstatement immediately.

ENG, P.J. , SKELOS, DILLON, BALKIN and COHEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Paul D. Kraft, admitted as Paul David Kraft, a suspended attorney, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until further order of this Court, with credit for the time served under the period of interim suspension, such that he may apply for reinstatement immediately. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from

practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Paul D. Kraft, admitted as Paul David Kraft, a suspended attorney, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Paul D. Kraft, admitted as Paul David Kraft, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).