Matter of Thatcher (2019 NY Slip Op 06777)





Matter of Thatcher


2019 NY Slip Op 06777


Decided on September 25, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
BETSY BARROS, JJ.


2018-02124

[*1]In the Matter of Wayne Thatcher, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Wayne Thatcher, respondent. (Attorney Registration No. 2507473)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 3, 1993. By decision and order on motion of this Court dated July 9, 2018, the respondent was directed to show cause at a hearing pursuant to 22 NYCRR 1240.12(c)(3)(iii), before Norma Giffords, Esq., as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of forcible touching, in violation of Penal Law § 130.52, a class A misdemeanor.



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for Grievance Committee for the Ninth Judicial District.
Emery Celli Brinckerhoff & Abady LLP, New York, NY (Hal R. Lieberman of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On September 8, 2017, the respondent pleaded guilty before the Honorable E. Loren Williams, in Poughkeepsie City Court, Dutchess County, to the crime of forcible touching, in violation of Penal Law § 130.52, a class A misdemeanor. On January 18, 2018, the respondent was sentenced to a term of imprisonment of 45 days and a six-year period of probation, and was directed to pay a surcharge of $200 and a DNA fee of $50.
At sentencing, the Assistant District Attorney for Dutchess County, before asking the court to impose the agreed-upon sentence of a term of imprisonment of 45 days and a six-year period of probation, made the following remarks as to the origin and circumstances of the crime:
"This only came to light because the victim, who is named in the charge to which [the defendant] pled guilty, who was in jail at the time, decided that she couldn't take it anymore and came forward to investigators to disclose what the defendant had been doing to her for quite some time. Imagine how she felt coming forward as an incarcerated defendant, in jail, on drug charges and other charges, knowing that she was reporting that her attorney, who was probably one of the most well-known and respected attorneys in Dutchess County, a former police officer, a lieutenant with the Town of Poughkeepsie, she was accusing him of horrific conduct. That was not an easy day for her, and I was there the day she came forward to meet with the police, and I commend her for the strength that it took to make that report, because she told us, I didn't expect anyone would believe me.
"We did believe her and I give credit to the Sheriff's office for their dedication and their investigation of this case, because it wasn't just her. Nine women in total came forward dating back to 2006, which was the earliest report that the police had received of this defendant's behavior towards a client, but in 2006 when it was investigated, unfortunately it was her word against his, and who could go up against him?
"Nine statements, that if you lined up, would read almost identical of his words and actions that he spoke to his clients. These aren't some women that he just happened to meet at a bar or on the street, not that that would make it any better, but they were clients. He was supposed to represent them zealously, not take their money and abuse their trust and abuse the power he had over them. That's exactly what happened here.
"The idea that this went on for so long many years and that one woman could have put a stop to it is incredible. Had she not come forward, I have full faith that this defendant would continue to abuse the people that sought help from him, abuse the powerless, abuse those who were in jail depending on him to help them.
"She deserves tremendous credit for what she's done, because not only did she report it, she agreed to go in and wear a video recording device and it's because of that device that we're able to hold this defendant accountable today. It's because of what she did by putting herself back in harm's way to go back and confront the defendant, because not only did she confront him, but when she went back that day, he did it again, and it's on that video for all the world to see, but that's how important it was to her that he be stopped and he be held accountable."
These remarks appear in the sentencing minutes, which were stipulated into evidence by the parties at the hearing held before the Special Referee. The accuracy of the minutes is not in dispute; however, the parties disagree as to the relevance of the minutes on the issue of sanction.
Special Referee's Report
Following a hearing, the Special Referee concluded that a final order of public discipline should be made. In making this determination, the Special Referee considered only the offense to which the respondent pleaded guilty. More specifically, the Special Referee concluded as follows:
"On May 16, 2017, respondent engaged in acts which culminated in his plea of guilty to intentionally and for no legitimate purpose forcibly touching the intimate parts of another person, by touching and squeezing her buttocks with his hand for the purpose of his own sexual desire. A year and half later, at the hearing conducted on October 11, 2018, he testified that his act was a response to a joke in keeping with the complainant's chuckling and laughing. Regrettably, it caused the undersigned to conclude that in spite of his plea, sentence, embarrassment, etc, he had not learned why his act was criminal and not a joke, especially in view of his relationship to the complainant. He was her attorney. He was in a position of relative power vis a vis a client facing criminal charges and dependent upon him to resolve those charges. He abused his position."
The Special Referee noted the presence of mitigating factors as testified to by the respondent and by various character witnesses, namely, the respondent's 20-year career as a police officer, his pro bono activities, his reputation for honesty and truthfulness, his lack of a prior disciplinary history, his lack of any prior convictions, and his cooperation with the criminal justice authorities and the Grievance Committee for the Ninth Judicial District. The Special Referee also noted the presence of aggravating factors, which consisted of the circumstances of the crime, and the respondent's plea and sentence. On the issue of remorse, the Special Referee did not find the respondent remorseful, despite his expressions of remorse and apologies.
Motion to Confirm
The Grievance Committee now moves to confirm the report of the Special Referee, [*2]noting in particular the existence of substantial aggravating facts and circumstances, including the Special Referee's finding that respondent showed no remorse and abused his position as the victim's attorney; the respondent's prior behavior with the victim, which culminated in her decision to wear a wire; and similar allegations by nine other women, dating back to 2006.
In response, the respondent contends that the appropriate sanction is a public censure, taking into consideration the following mitigating circumstances: the respondent's cooperation, his lack of a prior disciplinary history, his jail time, the significant loss of clients, his reputation for honesty and truthfulness, and his pro bono services to the community. The respondent contends that he is remorseful as he so testified repeatedly at the hearing. The respondent further contends that there are no aggravating circumstances, arguing that the remarks made by the Assistant District Attorney were, in fact, precluded by the Special Referee when the respondent challenged them at the hearing. Moreover, the respondent argues that his due process rights would be violated if the remarks were considered.
Findings and Conclusion
We find that public discipline should be imposed, and accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted. We find no reason to disturb the Special Referee's finding of no remorse by the respondent, as the respondent viewed his conduct as actions merely taken in jest, rather than as the abusive conduct it was. We disagree with the respondent's contention that there are no aggravating factors. While the Special Referee did not consider the remarks made by the Assistant District Attorney, neither did she preclude them as no formal motion to preclude was ever made by the respondent. The remarks related to pertinent background information and were never challenged by the respondent or his criminal attorney at sentencing. We find the information relevant to this Court's determination of a sanction, as the respondent's guilt is undisputed in this disciplinary proceeding.
Finally, we find that the respondent committed serious professional misconduct. The respondent engaged in nonconsenual physical contact with a client to gratify a sexual desire. Committed in the confines and privacy of the respondent's law office, the conduct would have continued and gone unchecked, but for the client's cooperation with law enforcement. The conduct was not isolated. The respondent not only abused his position as an attorney, but he relied on his former position as a police officer to insulate himself from accountability.
In view of the aggravating circumstances of this matter, we conclude that the respondent's criminal conduct warrants a suspension from the practice of law for two years (cf. Matter of Kraft, 129 AD3d 50).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Wayne Thatcher, is suspended from the practice of law for a period of two years, commencing October 25, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 26, 2021. In such application (see 22 NYCRR 691.11 and 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11; and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Wayne Thatcher, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Wayne Thatcher, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-[*3]law; and it is further,
ORDERED that if the respondent, Wayne Thatcher, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court